UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RHONDA OVIST,<br><br>        Plaintiff,<br><br>v.<br><br>UNUM LIFE INSURANCE COMPANY OF AMERICA and UNUM GROUP,<br><br>        Defendants. | CIVIL ACTION<br><br>NO. 4:17-cv-40113-TSH |

## REPORT AND RECOMMENDATION

May 2, 2018

Hennessy, M.J.

In this action filed under the Employee Retirement Income Security Act of 1974 (ERISA), Plaintiff Rhonda Ovist seeks coverage under a long-term disability plan (the "plan") insured by Defendants Unum Life Insurance Company of America ("Unum Life") and Unum Group. Plaintiff accuses Defendants of unlawfully terminating her long-term disability benefits. She seeks restoration of her benefits, interest, attorney's fees, costs, and equitable relief declaring the parties' rights and duties concerning Plaintiff's past and future benefits under the plan. See generally Docket #1 (complaint).

Before me by way of referral, see Docket #16, is Defendants' motion to transfer venue in this case from the District of Massachusetts to the Middle District of Florida. See Docket #6. The parties have fully briefed the motion. See Docket #7 (Defendants' supporting memorandum); Docket #10 (Plaintiff's opposition); Docket #14 (Defendants' reply). Both sides

1

have submitted affidavits supporting their positions.  See Docket ##8, 11, 15.  The parties argued the motion at a hearing on April 27, 2018.

For the reasons that follow, I RECOMMEND that Defendants' motion be DENIED.

I.  BACKGROUND

At all relevant times, Plaintiff lived, worked, and received her medical care in Florida. Unum Life is a Maine corporation whose principal place of business is in Maine.  Unum Group is a Delaware corporation whose principal place of business is in Tennessee.  Both Defendants have a substantial place of business in Worcester, Massachusetts.

Plaintiff's complaint alleges as follows.  Plaintiff used to work as a professor at Rollins College, Docket #1 ¶ 37, located in Winter Park, Florida, Docket #7 at 2; Docket #8-1 at 36. Rollins College provided Plaintiff long-term disability insurance coverage through a long-term disability insurance plan fully insured by Unum Life and Unum Group.  Id. ¶ 38.  Effective January 1, 2011, Defendants determined that Plaintiff was totally disabled from symptoms related to chronic fatigue syndrome, chronic pain, and fibromyalgia.  Id. ¶ 43.  Defendants paid Plaintiff approximately four years' worth of long-term disability benefits.  Id.  As required by the plan's terms, Plaintiff applied for Social Security benefits.  Id. ¶ 47.  The Social Security Administration deemed her disabled from all gainful employment as of April 2012.  Id. ¶ 50. Sometime thereafter, despite no improvement in Plaintiff's health, one or both Defendants[1] wrongfully terminated Plaintiff's long-term disability benefits.  Id. ¶¶ 46, 54.  Plaintiff unsuccessfully appealed that termination, id. ¶ 57, and then filed suit.[2]

Defendants filed the instant motion in lieu of answering Plaintiff's complaint.

---

[1] The complaint ambiguously refers to "Unum."  See Docket #1 ¶ 54.

[2] The complaint also devotes considerable space to describing Defendants' "history of parsimonious claim denials" in other instances, as found by numerous federal courts over a period of years.  See id. ¶¶ 10-36.

II.     STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C § 1404(a). The party moving to transfer venue bears the burden of establishing that "an adequate alternative forum exists and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the second forum." Iragorri v. Int'l Elevator Inc., 203 F.3d 8, 12 (1st Cir. 2000). The decision whether to transfer venue lies within the District Court's sound discretion. See, e.g., Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc., 825 F.3d 28, 41 n.7 (1st Cir. 2016) (citing Iragorri, 203 F.3d at 12).

When deciding whether to transfer venue, the Court must balance "a number of case-specific factors" including "the private interests of the parties as well as public interests such as efficiency and fairness." The Wilderness Soc'y v. Babbitt, 104 F. Supp. 2d 10, 12 (D.D.C. 2000) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 30 (1988)). "[T]here is ordinarily a strong presumption in favor of the plaintiff's choice of forum." Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda., 906 F.2d 45, 52 (1st Cir. 1990) (quoting Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)). Merely shifting inconveniences from one party to another is an insufficient reason to overcome that presumption. Momenta Pharm., Inc. v. Amphastar Pharm., Inc., 841 F. Supp. 2d 514, 522 (D. Mass. 2012) (quoting Holmes Grp., Inc. v. Hamilton Beach/Proctor Silex, Inc., 249 F. Supp. 2d 12, 18 (D. Mass. 2002)). However, when the plaintiff's choice of forum has little or no connection to the case's operative facts—including when, as here, the plaintiff lives outside the chosen forum—the plaintiff's choice of forum receives less weight. See, e.g., Rosenthal v. Unum Grp., No. 17-cv-40064-TSH, 2018 WL 1250483, at *1 (D. Mass. Mar. 12, 2018) (Hillman, J.) (citing United States ex rel. Ondis v. City

of Woonsocket, 480 F. Supp. 2d 434, 436 (D. Mass. 2007)); Avci v. Brennan, 232 F. Supp. 3d 216, 220 (D. Mass. 2017); Bowen v. Elanes N.H. Holdings, LLC, 166 F. Supp. 3d 104, 108 (D. Mass. 2015); Ondis, 480 F. Supp. 2d at 436 (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3848 (3d ed. 2007)).

  The Court also considers the convenience of the parties, the convenience and location of material witnesses and documents, the connection between the forum state and the particular issues involved in the case, the applicable law, and any other relevant state or public interests. Momenta Pharm., Inc., 841 F. Supp. 2d at 522.  Docket congestion in the potential transferor and transferee courts is another salient consideration.  See Liban v. Churchey Grp. II, L.L.C., 305 F. Supp. 2d 136, 143 (D.D.C. 2004).  The convenience and location of witnesses often is the most important factor.  Gemini Investors Inc. v. Ameripark, Inc., 542 F. Supp. 2d 119, 126 (D. Mass. 2008).  In analyzing the convenience of nonparty witnesses, the Court assesses the number, nature, and quality of the witnesses' testimony and considers whether the witnesses can be compelled to testify.  Id.  The movant bears the burden of specifying named witnesses' importance.  See Princess House, Inc. v. Lindsey, 136 F.R.D. 16, 21 (D. Mass. 1991).

  The convenience and location of a party's attorney does not impact the Court's analysis: "the word 'counsel' does not appear anywhere in § 1404(a), and the convenience of counsel is not a factor to be assessed in determining whether to transfer a case under § 1404(a)." Ondis, 480 F. Supp. 2d at 437 (quoting In re Volkswagen AG, 371 F.3d 201, 206 (5th Cir. 2004)).

III. ANALYSIS

  As an initial matter, the parties agree that the District of Massachusetts and the Middle District of Florida both are proper venues for this action—in other words, it is undisputed that this action "might have been brought" in either District. 28 U.S.C § 1404(a); see Docket #7 at 3-

4; Docket #10 at 5. Accordingly, the question before the Court is whether Defendants have shouldered their burden of showing "that considerations of convenience and judicial efficiency strongly favor" transferring this case to the Middle District of Florida. Iragorri, 203 F.3d at 12. I evaluate sequentially the factors relevant to that inquiry.

    A.    Plaintiff's Choice of Forum

Plaintiff argues that her choice to litigate this case in the District of Massachusetts should receive substantial weight. In support, Plaintiff submits that ERISA's venue provision "suggests that on public policy grounds the plaintiff's choice of venue" in an ERISA action "should rarely be disturbed." Docket #10 at 4. Plaintiff also points to one page of a claims processing document bearing the notation, "Create Site: Worcester" as evidence that the District of Massachusetts is connected to this case's operative facts. Id. at 2; see Docket #11-1 at 1. And Plaintiff urges that the absence of a forum selection clause in the plan's terms signals that her choice of venue merits "special deference." Docket #10 at 4. I find these arguments unpersuasive and conclude that Plaintiff's choice of forum tilts only slightly against transfer.

First, I find that this case's operative facts have little connection to the District of Massachusetts. The ordinary presumption in favor of the plaintiff's choice of forum thus does not obtain. See, e.g., Rosenthal, 2018 WL 1250483, at *1; Avci, 232 F. Supp. at 220; Bowen, 166 F. Supp. 3d at 108; Ondis, 480 F. Supp. 2d at 436. At all relevant times, Plaintiff lived, worked, and received her medical care in Florida, and Defendants have represented that Plaintiff's claim was administered in Maine and Tennessee. See Docket #7 at 1; see also id. at 11 ("Ms. Ovist's claim was administered outside Massachusetts."). While it is true that Defendants maintain an office in Worcester, that office's mere existence, absent a meaningful factual connection to this case, does not link this case to this District sufficiently to trigger a

5

strong presumption in Plaintiff's favor.  And while one page of a claims processing document does say, "Create Site: Worcester," Docket #11-1 at 1, an affidavit submitted by Defendants avers that this notation merely documents that the Social Security Administration erroneously mailed to Unum Group's Worcester office a CD containing Plaintiff's records; instead of forwarding that CD to Unum Group's office in Tennessee, an employee simply loaded the disc's contents onto Unum Group's computer system.  Docket #15 at 1.  I find that one page bearing the words, "Create Site: Worcester" is insufficient to justify affording Plaintiff's choice of venue substantial weight in this case.  Cf. Satter v. Aetna Life Insurance Co., No. 3:16CV1342(AWT) (D. Conn. July 13, 2017), available at Docket #11-3, at 9 (finding that the plaintiff's choice of forum was "a neutral factor" because a defendant's "single . . . employee" in the chosen venue "had a minor role in the adjudication of the plaintiff's claim for [long-term disability] benefits," while "material actions taken with respect to the plaintiff's claims" took place elsewhere).[3]

      Second, I reject Plaintiff's argument concerning ERISA's venue provision.  Under that provision, an ERISA action may be filed in a federal District Court "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found . . . ."  29 U.S.C. § 1132(e)(2).  Plaintiff is correct that this broad statute "mak[es] filing suit in different venues both easy and lawful."  Docket #10 at 3.  But the statute's breadth does not advance the task at hand: determining, as between two districts in which this action might have been brought, the district that better serves the interests of the parties and witnesses and the interest of justice.  See 28 U.S.C § 1404(a).  Further, Plaintiff offers no helpful authority

---

[3] Plaintiff notes that none of the cases cited by Defendants "show[s] an insurer successfully transferring ERISA welfare-benefits litigation from a location where it has a major claims center."  Docket #10 at 8.  District Judge Hillman, the presiding judge in this case, recently did just that.  See Rosenthal v. Unum Grp., No. 17-cv-40064-TSH, 2018 WL 1250483, at *1, 4 (D. Mass. Mar. 12, 2018) (transferring venue from Massachusetts to Kansas in an ERISA case against Unum Group and another insurer with a Worcester office).

supporting her contention that ERISA's legislative history signals that her choice of venue should receive special deference[4]—nor has Plaintiff addressed the numerous cases cited by Defendants contradicting this proposition.  See, e.g., Leader v. Unum Life Ins. Co. of Am., No. 16-cv-027-jdp, 2016 WL 1559187, at *1 (W.D. Wis. Apr. 18, 2016) (citations omitted) (assigning "limited" weight to the plaintiff's choice of forum in an ERISA case because that forum was neither the plaintiff's home forum nor "the location where the material events occurred"); Coffey v. Hartford Life & Accident Ins. Co., No. 3:15-cv-378-TBR, 2016 WL 154128, at *2 (W.D. Ky. Jan. 12, 2016) (affording "little weight" to the plaintiff's choice of forum in an ERISA case with "little, if any connection" to the plaintiff's chosen forum); Frias v. Aetna Life Ins. Co., No. 14-cv-03146-TEH, 2014 WL 5364105, at *3-4 (N.D. Cal. Oct. 21, 2014) (rejecting the plaintiff's argument "that a plaintiff's choice of forum is accorded greater weight in an ERISA action than in other cases"); Aucoin v. Prudential Ins. Co. of Am., 959 F. Supp. 2d 185, 190-91 (D.D.C. 2013) (quoting Virts v. Prudential Life Ins. Co. of Am., 950 F. Supp. 2d 101, 105-06 (D.D.C. 2013)) (explaining that the plaintiff's choice of forum in an ERISA action receives "'diminished consideration' if it has 'no meaningful ties to the controversy'"); see also Docket #7 at 9-10 (citing additional cases).  Indeed, Plaintiff has submitted as an exhibit a District Court opinion, Satter v. Aetna Life Insurance Co., No. 3:16CV1342(AWT) (D. Conn. July 13, 2017), that undermines her argument on this point: in that ERISA action, the court explained that the presumption favoring a plaintiff's choice of

---

[4] Plaintiff references Coleman v. Supervalu, Inc. Short Term Disability Program, 920 F. Supp. 2d 901 (N.D. Ill. 2013).  See Docket #10 at 3.  But the passage she quotes concerns the enforceability of a forum selection clause in an ERISA-governed insurance plan, not the weight assigned to a plaintiff's choice of forum on a motion to transfer venue.  See id. at 906.  Indeed, the Coleman court did not consider whether to transfer venue in that case.  See generally id.; see also id. at 903 n.2 ("[T]his opinion will not consider whether transfer might be appropriate under Section 1404(a).").

forum "does not apply where there is little material connection between the chosen forum and the facts and issues of the case." Docket #11-3 at 9.

Third, I also reject Plaintiff's argument that the plan's lack of a forum selection clause justifies deferring to Plaintiff's choice of venue. It does not follow that Plaintiff's choice should receive heightened deference here—where the chosen forum has little connection to the case's operative facts—simply because the parties did not designate in advance a forum to govern disputes arising under the plan.[5] Nor has Plaintiff cited any law supporting that theory.

For these reasons, finding that the connection between this District and the instant case is meager, I conclude that Plaintiff's choice of forum weighs only slightly against transfer.

B.    Convenience of Witnesses

Next, the convenience of witnesses, which often is the most important factor of all, is a non-factor here. Neither party has identified any witness who might testify in this action, and Plaintiff has represented that "no witnesses will appear in Massachusetts for trial." Docket #10 at 2; see also id. at 6. At the motion hearing, the parties agreed that this case almost certainly will not involve witness testimony at any stage. Plaintiff's counsel also stated at the motion hearing that Plaintiff does not intend to call any witnesses to testify about Unum's history of sharp practices in evaluating disability benefit claims. The convenience of witnesses thus does not impact the instant analysis.

C.    Access to Proof and Location of Documents

Likewise, neither party likely will need to access documents or any other form of proof not already in its possession. This is because "ERISA benefit-denial cases typically are adjudicated on the record compiled before the plan administrator." Denmark v. Liberty Life

---

[5] The plan identifies Florida as its "governing jurisdiction." Docket #8-1 at 1 (capitalization altered). That term's meaning is unclear.

Assur. Co. of Bos., 566 F.3d 1, 10 (1st Cir. 2009).  Discovery beyond the administrative record can take place, but "at least some very good reason is needed to overcome the strong presumption that the record on review is limited to the record before the administrator."  Liston v. Unum Corp. Officer Severance Plan, 330 F.3d 19, 23 (1st Cir. 2003).  Furthermore, because documents are generally mobile, this factor is not significant.  See Princess House, Inc., 136 F.R.D. at 21 (citations omitted).  And finally, the parties agreed at the motion hearing that discovery beyond the administrative record is very unlikely to occur.  I find that this consideration, too, is a non-factor.

        D.        Convenience of Counsel

Plaintiff contends that the location of her counsel, who practices in Massachusetts, weighs against transfer, arguing generally that her "choice of location of counsel [sic] deserves some consideration in the entire gestalt mix analysis [sic]" in part because attorneys who represent plaintiffs in ERISA cases allegedly "are not easy to find."  Docket #10 at 7.  She also urges that transferring this case to Florida would inconvenience her "because she will need to hire new counsel."  Id. at 5.  These arguments lack legal support.  "No case articulates that the convenience of counsel is a consideration in deciding a motion to transfer pursuant to § 1404(a).  Whether this court is more convenient to the plaintiff's counsel is, accordingly, of no consequence."  Princess House, Inc., 136 F.R.D. at 18 (citations omitted); accord Ondis, 480 F. Supp. 2d at 437; Solomon v. Continental Am. Life Ins. Co., 472 F.2d 1043, 1047 (3d Cir. 1973) (citing Chi., Rock Island & Pac. R.R. Co. v. Igoe, 220 F.2d 299, 304 (7th Cir. 1955)) ("The convenience of counsel is not a factor to be considered.").  Thus, insofar as Plaintiff "chose this forum because her attorney is admitted to and has experience practicing before this Court," that is irrelevant to the instant analysis.  See Bowen v. Elanes N.H. Holdings, LLC, 166 F. Supp. 3d

9

104, 108 (D. Mass. 2015) (citing Friends of Animals v. Phifer, No. 15-30011-MGM, 2015 WL 1943898, at * (D. Mass. Apr. 29, 2015); Kaufmann v. Prudential Ins. Co. of Am., 667 F. Supp. 2d 205, 208 (D. Mass. 2009)).[6]

In sum, the location of Plaintiff's counsel is a non-factor.

E.   Applicable Law

The law governing this action is another neutral factor here.  Plaintiff's claims sound in federal statutory law.  "[A]ll federal courts are presumed to be equally familiar with the law governing federal statutory claims."  Mazzarino v. Prudential Ins. Co. of Am., 955 F. Supp. 2d 24, 32 (D.D.C. 2013) (quoting Intrepid Potash-N.M., LLC v. U.S. Dep't of Interior, 669 F. Supp. 2d 88, 98 (D.D.C. 2009)) (deeming this factor "neutral in the Court's analysis" of whether to transfer venue in an ERISA action); see Miller v. Insulation Contractors, Inc., 608 F. Supp. 2d 97, 103 (D.D.C. 2009).  Since the District of Massachusetts and the Middle District of Florida have equal knowledge of the law governing this case, this factor does not tilt in either party's favor.

F.   Docket Congestion

After the motion hearing, the parties jointly submitted statistics from the United States Courts addressing docket congestion.  See Docket #19.  Those statistics can be viewed as favoring either side of the instant motion.  They reflect that in 2017, the Middle District of Florida averaged more cases per judgeship than the District of Massachusetts.  See id. at 3-4.  The public interest in reducing docket congestion thus supports keeping this case in Massachusetts, which has fewer cases per judge.  However, on average, a civil matter takes

---

[6] I also note that at the motion hearing, Plaintiff's counsel acknowledged that he conceivably could continue litigating this case even if it were transferred: the parties agree that the case will be decided based on the administrative record, and Plaintiff's counsel would simply need to seek admission to the Middle District of Florida pro hac vice.

10

longer to reach resolution in the District of Massachusetts than in the Middle District of Florida. See id.  In this instance, where the transferee court has more cases but disposes of them more quickly, I find that the docket congestion factor does not weigh strongly in either party's favor.

      G.      Convenience of the Parties

The parties' convenience weighs in favor of transfer.  This factor "focuses on the comparative financial abilities of the parties[, for] the cost of litigation should be borne by the party in the best position to absorb and spread it."  Sigros v. Walt Disney World Co., 129 F. Supp. 2d 56, 71 (D. Mass. 2001) (citing Kleinerman v. Luxtron Corp., 107 F. Supp. 2d 122, 125 (D. Mass. 2000)).  Here, "Defendants are large businesses and are in a better position to incur the additional costs of litigation than the individual Plaintiff."  Rosenthal, 2018 WL 1250483, at *4 (citing Sigros, 129 F. Supp. 2d at 71).  It is true that Plaintiff chose to litigate this case in Massachusetts.  But I have assigned that choice diminished weight in part because Plaintiff lives in Florida.  Aside from potential inconvenience to Plaintiff's counsel—which is a non-factor, as set forth above—Plaintiff has not argued that litigating this case in Florida would inconvenience her in any way.  Because Defendants are better positioned to litigate this case in Florida than is Plaintiff to litigate this case in Massachusetts, I conclude that this factor militates in favor of transferring venue.

      H.      Operative Facts and Relationship to this Action

Finally, Florida and Massachusetts both have interests in the resolution of this case. Plaintiff worked, lived, and received long-term disability benefits in Florida, which "has a significant interest in protecting its citizens and monitoring the conduct of companies conducting business within its borders."  Id.  Florida also has "a substantive social policy" of providing its citizens "a forum for redress of grievances."  Boateng v. Gen. Dynamics Corp., 460 F. Supp. 2d

11

270, 277 (D. Mass. 2006) (quoting Nowak v. Tak How Inv., Ltd., 899 F. Supp. 25, 34 (D. Mass. 1995)).  Additionally, there is some strength to Defendants' argument that, all else being equal, ERISA claims should be litigated where the underlying plan originates.  This would ensure that cases arising from the same plan are litigated in the same federal circuit, promoting fairness and consistency.

On the other hand, insofar as Defendants insure and administer other ERISA plans within Massachusetts, Massachusetts also has an interest in regulating Defendants' conduct to ensure that Defendants comply with the law.  See Rosenthal, 2018 WL 1250483, at *4.

In the end, though, nothing material to Plaintiff's claims took place in this District.  Thus, while "Massachusetts has an interest in regulating business within its borders, I find [Florida's] interest in the health and welfare of its residents, to be more significant."  Id.; see Aucoin, 959 F. Supp. 2d at 192 (recognizing "the local interest in having localized controversies decided at home" and transferring venue in an ERISA case where "[the plaintiff's] claim arose outside this District, the plan is administered outside the [D]istrict, and plaintiff's claim for disability was determined outside the District").  Accordingly, this factor weighs in favor of transfer.

## Conclusion

Defendants bear the burden of showing that these factors, on balance, "strongly favor" transferring the case.  Iragorri, 203 F.3d at 12.  I conclude that Defendants have not done so.  Many factors are neutral here.  No party expects to call witnesses or seek additional documents, the case sounds in federal statutory law, statistics on docket congestion cut both ways, and the convenience of Plaintiff's counsel is irrelevant.  The convenience of the parties does favor transfer; but Plaintiff, the non-movant, is the party who chose to litigate this case in Massachusetts.  While I have concluded that Plaintiff's choice of forum does not merit

substantial weight, her choice does tilt against transfer to some degree.  And finally, both Florida and Massachusetts have legitimate public interests at stake.

On balance, I view these factors as a toss-up: they do not weigh strongly in either direction.  I thus do not find that the factors "strongly favor" transfer.  Id.  Accordingly, I RECOMMEND that Defendants' Motion to Transfer Venue, Docket #6, be DENIED.[7]

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge

---

[7] The parties are notified that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portions of the proposed findings, recommendations, or report to which objection is made, and the basis for each objection.  See Fed. R. Civ. P. 72(b)(2).  The U.S. Court of Appeals for the First Circuit has repeatedly indicated that failure to comply with this rule waives the right to review of this Report and Recommendation in the District Court and precludes appellate review of the District Court's order based on this Report and Recommendation.  E.g., Brenner v. Williams-Sonoma, Inc., 867 F.3d 294, 297 n.7 (1st Cir. 2017) (citation omitted); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168-69 (1st Cir. 2016) (citations omitted); see also Thomas v. Arn, 474 U.S. 140 (1985).